UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| STEVE CLICK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No.: 3:15-CV-474-TAV-CCS |
| | ) | |
| CHERRY LINDAMOOD, | ) | |
| | ) | |
| Respondent. | ) | |

# MEMORANDUM OPINION

Petitioner Steve Click brings this pro se application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his confinement under a state court judgment of conviction for aggravated rape and evading arrest [Doc. 1]. Respondent filed a motion for extension of time to response to the §2254 petition [Doc. 9] and a motion to dismiss the petition as time-barred under 28 U.S.C. § 2244(d)(1) [Doc. 10]. Petitioner has not responded in opposition to Respondent's motions and the time for doing so has now passed. E.D. Tenn. L.R. 7.1, 7.2Based on the following, the Court will **GRANT** Respondent's motion for extension of time [Doc. 9] and motion to dismiss [Doc. 10] and will **DISMISS** this § 2254 petition as time-barred.

## I. MOTION FOR EXTENSION OF TIME

Respondent moves the Court for an extension of ten (10) days to file his response to Petitioner's application for a writ of habeas corpus [Doc. 9]. As grounds for support, Respondent submits that as of September 22, 2016, he was still receiving portions of the state court record and requests the additional time to review the records in order to respond [*Id.* at 1]. This is Respondent's first request for an extension of time in which to file a response in this matter.

For good cause shown and in light of the lack of opposition to the request, Respondent's motion [Doc. 9] will be **GRANTED nunc pro tunc**.

II. PROCEDURAL HISTORY

A Blount County jury convicted Petitioner of three counts of aggravated rape and one count of evading arrest. *State v. Click*, No. E2004-02655-CCA-R3-CD, 2006 WL 709203, at *1 (Tenn. Crim. App. Mar. 21, 2006). The trial court imposed consecutive sentences of forty years for each aggravated rape and a concurrent sentence of eleven months and twenty-nine days for evading arrest resulting in an effective sentence of 120 years. *Id.* Petitioner filed a motion for a new trial, but, after a hearing on November 3, 2004, the motion was denied [Doc. 12-10 p. 41]. Following the denial of the motion for a new trial, Petitioner filed a notice of appeal on November 4, 2004 [*Id*. at 42]. On March 21, 2006, the Tennessee Court of Criminal Appeals affirmed the judgment of the trial court [*Id.*]. The mandate was entered and filed in the trial court on September 5, 2006 [*Id.*]. On August 21, 2006, the Tennessee Supreme Court denied Petitioner's application for permission to appeal [Doc. 12-13 p. 7].

Thereafter, on August 15, 2007, Petitioner filed a petition for post-conviction relief [*Id*.]. On August 3, 2011, Petitioner's petition for post-conviction relief was heard, and later dismissed on August 8, 2011 [Doc. 12-10]. Petitioner appealed, and the Tennessee Court of Criminal Appeals affirmed the denial of the petition. *Click v. State*, No. E2011-01965-CCA-R3-PC, 2012 WL 3158781, at *1 (Tenn. Crim. App. Aug. 6, 2012). Petitioner filed an application for permission to appeal, which the Tennessee Supreme Court denied on November 27, 2012 [Doc. 11 p. 2]. Petitioner did not file a petition for writ of certiorari with the United States Supreme Court [*Id.*].

Now before the Court is Petitioner's petition for writ of habeas corpus [Doc. 1].

## III. STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act ("AEDPA") contains a one-year statute of limitations governing the filing of an application for a federal writ of habeas corpus. *See* 28 U.S.C. § 2244(d)(1). The limitations period begins to run when one of the four circumstances occurs: (1) the conclusion of direct review; (2) upon the removal of an impediment which prevented a petitioner from filing a habeas corpus petition; (3) when a petition alleges a constitutional right, newly recognized by the Supreme Court and made retroactive on collateral review; or (4) when a claim depends upon factual predicates which could not have been discovered earlier through the exercise of due diligence. *Id.* The one-year period is tolled, however, during the pendency of a properly filed application for state post-conviction relief. 28 U.S.C. § 2244(d)(2).

Here, the first circumstance is the relevant one. Respondent contends that the petition, as submitted to the prison mailroom[1] on October 17, 2015, is time-barred by nine-hundred and fifty-eight (958) days [Doc. 11 p. 3].

The Tennessee Court of Criminal Appeals affirmed Petitioner's convictions on direct appeal, and the Tennessee Supreme Court ("TSC") denied permission to appeal on August 21, 2006. Ninety-one days later, on Monday, November 20, 2006, when the time expired for filing a petition for certiorari in the United States Supreme Court, *see* U.S. Sup. Ct. R. 13.1, Petitioner's conviction became final and on the next day, November 21, 2006, the AEDPA's one-year clock

---

[1] Under the mailbox rule, a habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in federal courts. *Cook v. Steall*, 295 F.3d 517, 521 (6th Cir. 2001).

began to run.[2]  *See Bronaugh v. Ohio*, 235 F.3d 280, 284-85 (6th Cir. 2000) (citing Fed. R. Civ. P. 6(a)) (finding that, for purpose of computing periods of time tied to § 2254's limitation statute, "the day of the act, event, or default from which the designated period of time begins to run shall not be included"). However, the statute of limitations tolled on August 15, 2007, when Petitioner filed his petition for post-conviction relief. The limitations period resumed on November 27, 2012, when the Tennessee Supreme Court denied Petitioner's application for permission to appeal. *Click v. State*, No. E2011-01965-CCA-R3-PC, 2012 WL 3158781 (Tenn. Crim. App. Aug. 6, 2012), *perm. app. denied,* (Tenn. Nov. 27, 2012).

Thus, Petitioner's one-year limitations period expired on March 5, 2013.[3] Petitioner filed this § 2254 petition on October 21, 2015, well after his one-year limitations period expired.

## IV.   EQUITABLE TOLLING

The one-year statute of limitations in the AEDPA is not jurisdictional and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Perkins v. McQuiggin*, 670 F.3d 665, 670 (6th Cir. 2012) (observing that limitations statutes do not require courts to dismiss claims as soon as the "clock has run") (citation omitted). Whether the statute should be equitably tolled depends upon whether the petitioner shows that he has been diligent in pursuing his rights and that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *Id*. The

---

[2] Though a certiorari petition must be filed in the Supreme Court within ninety days from the state supreme court's opinion, Petitioner had ninety-one days to submit his petition because the ninetieth day fell on Sunday, November 19, 2006. *See* Fed. R. Civ. P. 6(a)(1)(C) (stating that, if the last day of the period is a Saturday, Sunday, or a legal holiday, the period continues to run until the end of the next day that is not a legal holiday).

[3] Respondent argues that the expiration of Petitioner's year limitation fell on March 3, 2013 [Doc. 11 p. 4]. It appears Respondent incorrectly computed the statutory deadline by failing to take into consideration end dates falling on a Saturday, Sundays, and legal holidays.

decision as to whether the statute should be equitably tolled must be made on a case-by-case basis. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Moreover, "[t]he doctrine of equitable tolling is applied sparingly by federal courts," and is typically used "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) (citations and internal quotation marks omitted).

In his petition, Petitioner claims that the non-responsiveness of his attorney caused him to delay in timely filing this habeas petition [Doc. 1 p. 4]. The Court finds Petitioner's reason for delay is insufficient to invoke equitable tolling. The circumstance described by Petitioner is not extraordinary, especially considering the delay of over 950 days past the statute of limitations deadline. Thus, Petitioner has not carried his burden of showing that his case is one of the exceptional ones where equitable tolling is justified. The Court, therefore, finds that the ADEPA's statute of limitations should not be equitably tolled.

## V. FAILURE TO RESPOND

As an alternative basis for dismissal, the Court notes that it may properly dismiss this case for want of prosecution. *See, e.g.*, *Custom v. Detroit Edison Co.*, 789 F.2d 377, 379 (6th Cir. 1986); Fed. R. Civ. P. 41(b). Failure to respond or otherwise oppose a motion operates as both a waiver of opposition to and an independent basis for granting the unopposed motion. *See, e.g.*, *Notredan, LLC v. Old Republic Exch. Facilitator Co.*, 531 F. App'x 567, 569 (6th Cir. 2013); *see also* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought.").

More than eight months have passed since Respondent filed the instant motion to dismiss on September 30, 2016 [Doc. 10]. Petitioner has not responded and, by way of the same, is found

to have waived opposition to Respondent's request. *Millworks Constr., LLC v. Env't, Safety & Health, Inc.*, No. 3:12-CV-177, 2015 WL 11019129, at *1–2 (E.D. Tenn. Mar. 23, 2015).

## VI. CERTIFICATE OF APPEALABILITY

Finally, the Court does not believe that jurists of reason would question whether the petition is timely or whether equitable tolling saves this otherwise untimely petition. Nor would reasonable jurists conclude that the timeliness or equitable-tolling issues "are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Court finds that jurists of reason would not debate whether the petition states a valid claim of the denial of a constitutional right and whether the Court was correct in its procedural ruling concerning the timeliness of the petition. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001); *Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir. 2001). Therefore, the Court will **DENY** issuance of a COA. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

## VII. CONCLUSION

For these reasons, Respondent's motion for extension of time [Doc. 9] will be **GRANTED nunc pro tunc** and his motion to dismiss [Doc. 10] will be **GRANTED**. Furthermore, the Court will **DENY** the petition for a writ of habeas corpus filed under 28 U.S.C. § 2254 [Doc. 1] is as untimely and will **DISMISS** this case.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE